## ELK COUNTY.

JANUARY TERM, 1882, No. 259.        FEBRUARY 14TH, 1882.

## Glaub's Appeal.

Where judgment was entered under a warrant of attorney contained in a judgment-note, and subsequently a *scire facias* and *alias scire facias* to revive were both returned *nihil*, whereupon judgment was entered for default, an appeal does not lie to this Court, under the Act of April 4th, 1877, P. L., p. 53, upon a refusal of the Court below to open the judgment.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

*Certiorari sur* appeal of John Glaub from the decree of the Court of Common Pleas of *Elk County*, refusing an application for a rule to open judgment in a case of John M. Wagoner against Joseph Foster and John Glaub.

Judgment was entered March 8th, 1862, for $1071, upon a single bill, dated September 13th, 1861, containing a warrant of attorney to confess judgment. A *scire facias* to revive and continue the lien of the judgment was issued as of May term, 1881, No. 5, on the 12th of April, 1881, and was returned *nihil*. An *alias* writ was issued July 1st, 1881, and was also returned *nihil*, whereupon judgment was entered for want of an appearance and affidavit of defence, and the amount was liquidated at $2315.11.

Glaub then presented a petition, setting forth that the note was given under the following circumstances: The defendant, Foster, owed Glaub about $950, part of the consideration for a farm sold him, and gave a judgment-note for this amount. Glaub sold the note to the plaintiff and took flour in pay for it. Subsequently, on September 13th, 1861, the plaintiff went with Glaub to the house of Foster, and there plaintiff filled up "a note for the amount of the note Wagoner got from Glaub, and the interest, which your petitioner, John Glaub, was finally asked to sign as the bail or security for the said Joseph Foster." Glaub did not then know he was becoming liable for the note. Foster was then entirely solvent and worth much more than the amount of the note. When plaintiff entered the note, March 8th, 1862, it became a lien on real estate of Foster, largely in value in excess of the judgment, and continued a lien for five years. No writ to revive was issued until April 12th, 1881. He asked for a rule to open the judgment.

The Court filed the following opinion:

[Glaub's Appeal.]

| John M. Wagoner *v.* Joseph Foster and John Glaub. | In the Court of Common Pleas of Elk County. No. 154. May Term, 1881. |
|---|---|

"We think the matters stated in the application to open the judgment are insufficient.

"Mere forbearance, however prejudicial to the surety, will not discharge him. It is his peculiar business to judge of the damage to be apprehended from delay and to quicken the creditor in some way known to the law, and in default of which the loss incurred is necessarily to be attributed to his own supineness.

"Had the plaintiff released the lien of the judgment on Foster's land, or given him time for payment on new considerations, or had he by other affirmative act prejudiced the surety, the case would be different. Glaub might at any time have paid to plaintiff the judgment, been subrogated to his rights, revived the judgment, continued the lien, and thus protected himself.

"The application for rule to show cause why the judgment should not be opened is refused, but without prejudicing the right of the petitioner to make application on other ground if such exist."

Glaub then appealed, assigning as errors that the Court erred in refusing to grant the rule and in making the above order.

*George A. Rathburn* and *Wallace & Krebs,* for the appellant.

The Court will not quash the writ in this case, because the appellant has never had a day in court. The writs of *scire facias,* as shown by the returns of the sheriff under oath, were not served upon him. He had no notice, and was not heard, and could not be heard because of want of notice.

*John G. Hall* and *C. H. M'Cauley,* for the appellee.

This case is not within the statutory jurisdiction conferred by Act of 4th April, 1877. The application is not to open a judgment "entered by virtue of a warrant of attorney or on a judgment-note," but a judgment of revival entered upon two returns of *nihil.* To extend the act to this case would be judicial legislation. To this the Court is not inclined, for it refused to enlarge the scope of the act so as to include a judgment upon an amicable *scire facias:* Lamb's Appeal, 8 Norris, 411.

[Collom's Appeal.]

FEBRUARY 27TH, 1882.—PER CURIAM: The order of the Court, refusing to open the judgment, is under the caption of the case, May term, 1881, which was the *scire facias* to revive the original judgment. Indeed, it could not be otherwise, as the matter of defence set up was all subsequent to the original judgment of January, 1862. It is clear, then, that this case is not within the Act of April 4th, 1877, giving an appeal to this court. The fact that the judgment in the *scire facias* was on two *nihils* does not help the appellant.

Appeal quashed.